UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IN THE MATTER OF:**

| | |
|---|---|
| CHRISTOPHER LEE SZNOLUCH and<br>LINDA MARIE SZNOLUCH<br>　*f/k/a Linda Dowd*<br>　　　　Debtors.<br>_____/ | Chapter 7<br>Case No. 23-50181-mlo<br>Hon. Maria L. Oxholm |
| KENNETH NATHAN, TRUSTEE,<br><br>　　Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HOUSING & URBAN DEVELOPMENT,<br><br>　　Defendant.<br>_____/ | <br><br><br>Adv. Proc. No.<br>Hon. |

## **COMPLAINT**

NOW COMES Plaintiff, Kenneth Nathan, Trustee, by and through his counsel, OSIPOV BIGELMAN, P.C., and states as follows:

### **Jurisdiction**

1. This is an adversary proceeding in bankruptcy brought pursuant to Bankruptcy Rule 7001(1), seeking to recover property of the estate pursuant to 11 U.S.C. §§ 547, 550 and 551.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).

**The Parties**

3. On November 21, 2023, (the "Petition Date"), Christopher Lee Sznoluch and Linda Marie Sznoluch ("Debtors") filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

4. Plaintiff Kenneth Nathan, Trustee ("Trustee") is the duly appointed Chapter 7 Trustee of Debtors' bankruptcy estate.

5. The United States Department of Housing & Urban Development ("HUD") is a United States federal agency.

**Background**

6. On or about May 11, 2018, Debtors purchased real property located at 31779 Chester, Garden City, MI 48135 ("Property") (see Exhibit A).

7. To facilitate their purchase of the Property, on or about May 11, 2018, Debtors gave mortgages to Summit Funding, Inc. (see Exhibit B) and the Michigan State Housing Development Authority (see Exhibit C).

8. October 5, 2023, the Debtors granted Defendant HUD a mortgage against the Property to secure repayment of $23,361.49.

9. HUD recorded its lien 43 days later, on November 17, 2023 (the "Transfer").

## Trustee's Avoidance Powers – Preferential Transfers

10. By this Complaint, the Trustee seeks to avoid the recoding of HUD's mortgage as a preferential transfer.

11. 11 U.S.C. § 547(b) states:

Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—

   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

12. In cases where a transfer involves the perfection of an interest in property, 11 U.S.C. § 547(e)(2) specifies when such transfer is effective:

For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B); [or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 30 days.

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFER

13. Plaintiff realleges all prior allegations as though fully set forth herein.

14. The Transfer constitutes a transfer of the Debtors' interest in property.

15. As HUD recorded its mortgage more than 30 days after advancing funds, the Transfer is effective as of the recording date, November 17, 2023 under 11 U.S.C. § 547(e)(2)(B).

16. HUD recorded its mortgage on account of an antecedent debt, the $23,361.49 that HUD presumably advanced on or about October 5, 2023. *See Chase Manhattan Mortgage Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 465 (6th Cir., 2008).

17. The Transfer was made within 90 days of the Petition Date.

18. The Debtors were insolvent at the time of the Transfer because the Debtors filed for Chapter 7 bankruptcy four days later.

19. The Transfer enabled HUD to receive more than it would have had the mortgage not been recorded and HUD received payment of its debt under the provisions of the Bankruptcy Code.

20. In accordance with 11 U.S.C. § 547(b), the Trustee has conducted reasonable due diligence and reviewed all readily available information. Upon information and belief, there exist no reasonably knowable applicable affirmative defenses under 11 U.S.C. § 547(c).

21. Accordingly, the Trustee may avoid the Transfer pursuant to 11 U.S.C. § 547(b).

22. HUD is the initial transferee of the Transfer.

23. Upon avoidance, the HUD mortgage is preserved for the benefit of the estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, the Trustee requests that judgment be granted in his favor and against Defendant HUD, avoiding the Transfer and preserving the same for the benefit of the estate.

## COUNT 2
## DISALLOWANCE OF CLAIMS

24. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

25. Defendant is the recipient of a preferential transfer, which the Plaintiff

may avoid pursuant to 11 U.S.C. § 547.

26. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable pursuant to 11 U.S.C. § 547.

27. Because Defendant has not paid the value or returned the transferred property to Plaintiff, any claims filed or to be filed by Defendant must be disallowed.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant, disallowing any claims of Defendant pursuant to 11 U.S.C. § 502(d), unless and until Defendant returns the transferred property to Plaintiff or pays its value, plus costs, interest, and attorneys' fees.

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

DATED: March 31, 2025

*/s/ Anthony J. Miller*
ANTHONY J. MILLER (P71505)
Attorneys for Trustee, Kenneth Nathan
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
248-663-1800
am@osbig.com